UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alton Rodgers, # 334435, | ) C/A No. 2:14-923-RMG-JDA |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) of |
| City of North Charleston; | ) Magistrate Judge |
| North Charleston Police Department; | ) |
| Sheriff Al C. Cannon, | ) |
| | ) |
| Defendants. | ) |

## *Background of this Case*

Plaintiff is an inmate at the MacDougall Correctional Institution of the South Carolina Department of Corrections. Plaintiff has brought suit against the City of North Charleston, the North Charleston Police Department, and the Sheriff of Charleston County for "False Arrest and/or False Imprisonment[.]" [Doc. 1 at 2].

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of Plaintiff's arrest on November 11, 2010. Plaintiff alleges: *(1)* on or about November 11, 2010, Plaintiff was arrested and "unlawfully" charged with armed robbery and "served" three years in the Charleston County Detention Center for a crime he did not commit [*Id.* at 3]; *(2)* the proprietor informed police when they arrived at the business that he called them to report a crime of shoplifting only and informed them that no armed robbery occurred [*Id.*]; *(3)* "yet, even equipped with this knowledge and information[,] police took it upon themselves to turn what was a misdemeanor 30 days

offense under South Carolina Law" into a charge of armed robbery [*Id*]; **(4)** the proprietor or business owner told police on November 11, 2010, that no armed robbery had occurred [*Id.*]; **(5)** the "narrative of what in fact occurred" was inconsistent with a violation of S.C. Code Ann. § 16-11-330(A) [*Id.*]; **(6)** Plaintiff was denied Due Process of Law under the Fourteenth Amendment to be free from an unlawful arrest, false arrest, and false imprisonment [*Id.* at 4]; **(7)** Plaintiff's "attorney, like the prosecuting attorney[,]" failed to seek Plaintiff's immediate release, even though they knew that it did not take a trial by jury to determine that the "correct offense" was shoplifting [*Id.*]" **(8)** the North Charleston Police Department is "legally liable" for Plaintiff's false arrest and false imprisonment [*Id.*]; **(9)** Plaintiff seeks compensatory damages for pain and suffering, emotional distress, loss of enjoyment of life's pleasures [*Id.*]; and **(10)** Plaintiff was "arbitrarily confined" and Defendants are liable to Plaintiff for every day Plaintiff has been confined [*Id.*].

In his prayer for relief, Plaintiff seeks to be compensated for the thirty-seven months and ten days that he was confined in the Charleston County Detention Center, a jury trial to determine the "exact amount of Money" to which Plaintiff is entitled, "[a]ny and all relief" to which Plaintiff is entitled as a matter of law, and a "thorough Investigation" in this matter [*Id.* at 5].

## DISCUSSION

**Standard of Review for Pro Se Complaints**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Pursuant to the provisions of 28

U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable.  *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009).  Even when considered under this less stringent standard, the Complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for a Cause of Action Under Section 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law.  Section 1983

"'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

**Eleventh Amendment Immunity**

The Eleventh Amendment prevents a federal court from entertaining a suit brought by a citizen against his or her own state, *Hans v. Louisiana*, 134 U.S. 1 (1890), or against an instrumentality of the state considered an "arm of the State[.]" *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 430 (1997). Sheriff's Departments in South Carolina are state

agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550 (Westlaw 2014); 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (Westlaw 2014), which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff; *see also Edwards v. Lexington Cnty. Sheriff's Dep't*, 386 S.C. 285, 287 n. 1, 688 S.E.2d 125, 127 n.1 (2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").

**Plaintiff's Complaint barred by *Heck v. Humphrey***

Plaintiff's Complaint concerns matters pertaining to his arrest for armed robbery and conviction for petit larceny. Exhibits submitted by Plaintiff in his closed habeas corpus action, *Alton Rodgers v. Edsel Taylor, Warden of MacDougall Correctional Institution*, Civil Action No. 8:14-623-RMG-JDA, indicate that the trial jury acquitted Plaintiff on the armed robbery charge, but convicted Plaintiff of petit larceny. However, until the Plaintiff's conviction or sentence is set aside, any non-habeas civil action based on the conviction and related matters will be barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487; *see also Poston v. Shappert*, No. 06-8052, 222 Fed.Appx. 301, 2007 WL 1031695 (4th Cir. Mar. 30, 2007) (claims brought pursuant to § 1983 challenging underlying criminal conviction are barred by *Heck*). Plaintiff has neither alleged nor demonstrated that his underlying conviction or sentence has been invalidated; thus, this action is barred by *Heck*. *Mills v. Greenville County*, 586 F. Supp. 2d 480, 489–90 (D.S.C. 2008).

**Liability may not be imposed upon City of North Charleston or its Police Department**

Plaintiff has failed to show that the events alleged in this case were the result of any governmental policy of the North Charleston Police Department or the City of North Charleston. *See Los Angeles Cnty. v. Humphries*, 178 L.Ed.2d 460, 131 S.Ct. 447 (2010); and *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Furthermore, the doctrine of respondeat superior (or supervisory liability) generally is inapplicable to § 1983 suits. *See Monell v. Dep't of Social Services*, 436 U.S. at 694; and *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142–43 (4th Cir. 1982), *abrogated on other grounds by Cnty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

Also, the City of North Charleston and its Police Department have no supervisory authority over the Ninth Circuit Solicitor, who prosecuted Plaintiff's criminal case. *Anders v. Cnty. Council for Richland Cnty.*, 284 S.C. 142, 325 S.E.2d 538, 539–40 (1985).

## RECOMMENDATION

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process.

**Plaintiff's attention is directed to the Notice on the next page**.

<u>s/Jacquelyn D. Austin</u>

May 16, 2014                              Jacquelyn D. Austin
Greenville, South Carolina          United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).